**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

JAY J. LIN,

Plaintiff,

v.

CHASE CARD SERVICES, REBECCA KASSL, JOHN DOE, AND JANE DOE, TWO INDIVIDUALS WHOSE REAL NAMES ARE UNKNOWN,

Defendants.

Civil Action No. 09-5938 (JAP)

**OPINION**

Presently before the Court is Defendants, Chase Bank USA, N.A. s/h/a Chase Card Services ("Chase Card Services") and Rebecca Kassl's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiff, Jay J. Lin's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a). Lin brings this action against Chase Card Services , Rebecca Kassl, and two fictitious defendants (collectively, the "Chase Defendants") alleging that the Chase Defendants embarked on a campaign of harassment against him after he refused to pay a higher minimum payment toward the balance on is Chase credit card. For the reasons set forth below, Defendants' Motion to Dismiss is granted and Plaintiff's Motion for Summary Judgment is denied as moot.

I. Background[1]

Lin and Chase Card Services entered into an agreement in which Lin received a balance transfer at an annual interest rate of 4.99% with a minimum monthly payment of 2% of the loan balance. In exchange for the loan, Lin paid Chase Card Services an advance fee of 3% of the

[1] Unless otherwise noted all facts are taken from Plaintiff's complaint and deemed true for purposes of both Defendants' Motion to Dismiss and Plaintiff's Motion for Summary Judgment only.

amount of the transfer. In September 2009, Chase Card Services increased the minimum payment due on Lin's credit card balance from 2% of the outstanding balance to 5% of the outstanding balance. Lin objected to the increase and refused to remit more than 2% of the outstanding balance as a monthly payment. Lin disputed the increase in the minimum monthly payment via correspondence to Chase Card Services. On September 26, 2009, Rebecca Kassl, Financial Service Advisor for Chase Card Services, advised Lin that Chase Card Services had a right to increase the minimum monthly payment on his credit card balance from 2% of the outstanding balance to 5% of the outstanding balance. On October 5, 2009, Lin sent a letter to Kassl "rejecting Chase Card Service[s]'s and her claims," and asking Kassl to discontinue all collection calls.

At 9 a.m. on October 3, 2009, while Lin and Chase Card Services were actively disputing the increase, Chase Card Services began making "harass[ing] collection [calls]" to Lin. At that time, Lin advised the caller, who he identified in his complaint as Jane Doe, that the matter was disputed and asked her to stop calling. At 9 a.m. on October 10, 2009, Joe Doe, another unidentified caller, called Lin at his home requesting payment on his outstanding credit card balance. Lin advised John Doe that he disputed the amount due and asked him to stop calling. Lin also told John Doe that if he called Lin again it would subject him to a lawsuit. In response, John Doe claimed to be "above the law." John Doe continued to call Lin. Lin claims that the telephone calls he received from Jane Doe and John Doe on behalf of Chase Card Services were intentionally and maliciously harassing and that he "was harmed and suffered damages" as a result of the calls.

On October 13, 2009, Lin filed a complaint styled *Jay J. Lin v. Chase Card Services, Rebecca Kassl, John Doe, and Jane Doe, Two Individuals Whose Real Names are Unknown,* in

the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-1845-09. Notice of Removal, Docket Entry No. 1. On November 20, 2009, the Chase Defendants properly removed the instant action to this Court pursuant to 28 U.S.C. §1441. *Id.*

II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Twombly*, *supra*, 127 S. Ct. at 1965 (internal citations and footnote omitted).

The Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, *supra*, 127 S. Ct. at 570.) This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler v. UPMC Shadyside*, 2009 WL 2501662, 5 (3d Cir. August 18, 2009) (citations omitted).

III. Discussion

As a threshold matter, the Court finds that Lin's complaint does not articulate any cause of action under which he seeks to recover and does not satisfy the requirements of Rule 8(a)(2).[2] Rule 8(a)(2) requires that a complaint contain a "short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The mandate contained in Rule 8(a)(2) is designed to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Wilcher v. Potter, 2009 WL 235497, *1 (D.N.J. January 29, 2009) (quoting. *Twombly*, *supra*, 127 S.Ct. 1955, 1964 (2007)). "[V]ague allegations fail to satisfy the notice pleading requirement of Federal Rule of Civil Procedure 8." *Orama v. New Jersey*, 196 Fed. Appx. 118, 120 (3d Cir. 2006). Lin's complaint consists simply of vague factual allegations against the Chase Defendants. Lin has not articulated any cause of action under which he seeks to recover in his complaint, nor has he alleged the type of damages he sustained as a result of the Chase Defendants' "threats and harassment." The allegations contained in Lin's complaint are conclusory in the extreme and do not state a facially plausible right to relief.

In his opposition brief, Lin argues that he has stated a claim for relief pursuant to the harassment provisions found in the New Jersey penal code at N.J.S.A. 2C:33-4. Under N.J.S.A. 2C:33-4, "a person commits a petty disorderly persons offense if, with purpose to harass another,

[2] Plaintiff argues that instead of Rule 8(a)(2), the pleading requirements of Rule 4:5-2 of the New Jersey Rules Governing Practice in the Superior Court should apply to his complaint since it was originally filed in state court. Plaintiff's assertion is incorrect. Fed.R.Civ.P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); *see Federico v. Home Depot*, 2006 WL 624901, *2 n.4 (D.N.J. March 10, 2006), *aff'd*, 507 F.3d 188 (3rd Cir. 2007).

he makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm." N.J.S.A. 2C:33-4(a). The statute does not explicitly provide a private right of action and New Jersey courts have "declined the opportunity to consider whether an act of harassment under N.J.S.A. 2C:33-4 creates a civil cause of action for damages," noting that courts "'should normally defer to the [state] Supreme Court ... with respect to the creation of a new cause of action.'" *Rooney v. Carlomagno*, 2010 WL 199397, *2 (N.J. App. Div. January 22, 2010) (quoting *Aly v. Garcia*, 333 N.J.Super. 195, 203 (N.J. App.Div.2000)). In light of the New Jersey courts' reluctance of create a private cause of action under to N.J.S.A. 2C:33-4, this Court concludes that under New Jersey law no private right of action exists at this time. Therefore, even if Lin had properly pled a cause of action under N.J.S.A. 2C:33-4, which this Court concludes he did not, Lin has still failed to state a claim upon which relief can be granted.

IV. Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss is granted, and Plaintiff's Motion for Summary Judgment is denied as moot. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Date: March 26, 2010